**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4514-16T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

BRIAN JENNINGS,

    Defendant-Appellant.

_____

Argued April 25, 2018 — Decided June 12, 2018

Before Judges Fuentes, Koblitz, and Manahan

On appeal from Superior Court of New Jersey,
Law Division, Morris County, Docket No. 16-
042-D.

Joseph Discenza argued the cause for appellant
(Mandelbaum Salsburg, attorneys; Joseph
Discenza and Nicholas J. Waltman, of counsel
and on the brief).

Paula Jordao argued the cause for respondent
(Fredric M. Knapp, Morris County Prosecutor,
attorney; Paula Jordao, Assistant Prosecutor,
on the brief.)

PER CURIAM

    Defendant Brian Jennings appeals from a May 15, 2017

conviction for driving while intoxicated (DWI), N.J.S.A. 39:4-50,

after a de novo suppression hearing on the record in the Law

Division. He subsequently pled guilty to DWI and was sentenced to two days in jail that could be served in the Intoxicated Driver's Resource Center, $1000 fine, $6 assessment, $33 court costs, $50 Violent Crimes Compensation Board penalty, $75 Safe Neighborhood Act penalty, $225 DWI surcharge, ten-year driver's license suspension, and an interlock device requirement for one year.[1] He appeals from the denial of his motion to suppress, arguing that the police did not have the legal authority to question him when he was seated in his parked car. We affirm substantially for the reasons set forth in Judge James M. DeMarzo's eighteen-page statement of reasons attached to his May 15, 2017 order.

In April 2016, two Boonton patrolmen responded to a 9-1-1 call reporting a man parked in a handicap space without the appropriate placard who might be drunk. They found defendant seated in his truck with the engine running. His handicap placard was hanging from the rearview mirror. Defendant told the officers he was waiting for his girlfriend, and the officers quickly left the scene.

The officers then discovered that the caller had said she was a resident of the apartment building where defendant was parked and wished to remain anonymous to avoid repercussions. Concerned

---

[1] The judge stated that defendant was previously convicted of DWI in 1979, 1984 and 1989.

because the building was known to be a site of prostitution and domestic violence, the officers quickly returned to question defendant further. They parked across the street, walked to his car and began politely inquiring as to why he was there.

Defendant said he was waiting for a friend who needed money. He said she had called him on her cell phone but then had lost the phone and needed money to buy a new phone. He didn't know her apartment number, but knew she lived on the fourth floor. He suggested the police go find her. The police suggested he accompany them to find her, which defendant did, but could not locate the correct apartment. Eventually the police arrested him for drunk driving. The suppression issue revolved around whether the police had the right to question defendant the second time and ask defendant to accompany them into the apartment building.

Defendant raises the following issues on appeal:

> POINT I: STANDARD OF REVIEW.
>
> POINT II: MR. JENNINGS' DETENTION WAS WITHOUT PROBABLE CAUSE OR EVEN REASONABLE SUSPICION.
>
> POINT III: UNDER THE TOTALITY OF THE CIRCUMSTANCES MR. JENNINGS WAS NOT FREE TO LEAVE AND HIS DETENTION WAS NOT JUSTIFIED AT ITS INCEPTION THEREFORE ALL EVIDENCE MUST BE SUPPRESSED AS FRUITS OF THE POISONOUS TREE.

"When reviewing a claim with respect to an issue of suppression, a reviewing court must accept the factual findings made by the trial court in analyzing the question, provided those

factual findings are 'supported by sufficient credible evidence in the record.'" State v. Smith, 212 N.J. 365, 387 (2012) (quoting State v. Handy, 206 N.J. 39, 44 (2011)). "In considering the legal conclusions to be drawn from those facts, our review is de novo." Id.

Here, Judge DeMarzo properly determined that the second encounter began with a "field inquiry that transformed into an investigatory stop leading to an arrest." He found that the officers did not surround or block in defendant's car, so defendant would have felt free to leave the scene. Neither was defendant parked outside his own residence. See State v. Rosario, 229 N.J. 263, 273 (2017) (holding in different circumstances, that "[a] person sitting in a lawfully parked car outside her home who suddenly finds herself blocked in by a patrol car that shines a flood light into the vehicle, only to have the officer exit his marked car and approach the driver's side of the vehicle, would not reasonably feel free to leave.").

We agree that, as defendant's voluntary answers to the police questioning became more incredible, the suspicion that defendant may have been waiting to surprise a woman at night for an illegal purpose became more pronounced, and justified the continued police questioning and eventual request for defendant to accompany them to find defendant's female "friend."

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION